IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Debbie Ann Jones, | ) Civil Action No.: 8:18-2586-BHH |
|---|---|
| Plaintiff, | ) |
| v. | ) **ORDER** |
| Andrew Saul, Commissioner of Social Security,[1] | ) |
| Defendant. | ) |

This is an action brought pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Debbie Ann Jones' ("Plaintiff") claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The record includes the report and recommendation ("Report") of United States Magistrate Judge Jacquelyn D. Austin, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision. Plaintiff filed objections to the Report, to which the Commissioner filed a response. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and affirms the Commissioner's final decision denying benefits.

## BACKGROUND

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* the Social Security Act, 42 USC § 405(g) (explaining action survives "notwithstanding any change in the person occupying the office of Commissioner of Social Security").

Plaintiff filed an application for DIB in April 2013, and an application for SSI in August 2013, alleging a disability onset date of February 1, 2006.[2]  Her applications were denied initially and upon reconsideration.  Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on December 11, 2015.  On January 21, 2016, the ALJ issued a decision denying Plaintiff's claim.  Plaintiff requested a review of the ALJ's decision, which the Appeals Council granted.  The Appeals Council remanded the matter to the ALJ for further consideration of Plaintiff's ability to stay focused.

On January 5, 2018, the ALJ held a subsequent hearing, and the ALJ issued a second decision on April 20, 2018, again denying Plaintiff's claim.  The Appeals Council denied Plaintiff's second request for review, thereby rendering the ALJ's decision the Commissioner's final decision for purposes of judicial review.  Plaintiff filed this action seeking judicial review on September 21, 2018.

## **STANDARDS OF REVIEW**

### I. The Magistrate Judge's Report

The Court conducts a *de novo* review to those portions of the Report to which a specific objection is made, and this Court may accept, reject, or modify, in whole or in part, the recommendations contained in the Report.  28 U.S.C. § 636(b)(1).  Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection.  *Id.*

### II. Judicial Review of a Final Decision

---

[2] The Commissioner argues that the relevant period for Plaintiff's DIB claim begins on Plaintiff's alleged onset date, February 1, 2006, and ends on Plaintiff's last date insured, March 30, 2011, while the relevant period for Plaintiff's SSI claim is from the application date, April 10, 2013, through the date of the ALJ's decision on April 20, 2018.

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

### I. The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. §

423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 1, 2006, the alleged onset date. Next, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease status post lumbar discectomy/laminectomy, osteoarthritis, right hip bursitis, diabetes mellitus, obesity, vulvar and perianal condyloma, affective disorder, anxiety disorder, and posttraumatic stress disorder ("PTSD"). The ALJ also noted the following non-severe impairments: hypertension, asthma, GERD, hyperlipidemia, hepatomegaly, hepatic steatosis, elevated

4

liver enzymes, hyperglycemia, adrenal incidentaloma, gastroparesis, cholecystitis, carpal tunnel syndrome, fatty liver, and left breast mass. The ALJ found that Plaintiff's blurry vision was not a medically determinable impairment. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to residual functional capacity ("RFC"), the ALJ found:

> that over the course of an eight-hour workday, in two-hour increments with normal and acceptable work breaks, the claimant can perform work at the light exertional level as defined in 20 CFR 404.1567(b) and 416.967(b), except that standing and walking combined can be performed for four hours out of an eight-hour workday, but sitting can be performed for six hours out of an eight-hour workday. She can never climb ladders/ropes/ scaffolds and can occasionally climb ramps and stairs, crouch and crawl. She can occasionally stoop to lift within the exertional level from the floor to the waist. She can frequently stoop to lift within the exertional level from waist height and above. She can frequently balance and kneel. Bilateral overhead reaching can be performed occasionally within the exertional level. She can constantly be exposed to a very quiet to moderate noise environment. She can occasionally be exposed to a loud and very loud noise environment. She can occasionally be exposed to hazards associated with unprotected dangerous machinery or unprotected heights. She can concentrate, persist and maintain pace to understand, remember and carry out unskilled, routine tasks in a low stress work environment (defined as being free of fast-paced or team-dependent production requirements), involving the application of commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. She can deal with problems involving several concrete variables in or from standardized situations. She can adapt to occasional workplace changes. She can perform jobs with only superficial interaction with the general public. She can perform jobs where the work duties can be completed independently from coworkers; however, physical isolation is not required. She can respond appropriately to reasonable and customary supervision.

(ECF No. 10-2 at 18-19.) Next, the ALJ found that Plaintiff was unable to perform her past relevant work, but that, considering the VE's testimony and Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national

5

economy that Plaintiff can perform. Therefore, the ALJ found that Plaintiff was not under a disability as defined in the Social Security Act.

## II. The Court's Review

In this action, Plaintiff contends that (1) the ALJ failed to account for all of Plaintiff's functional impairments in the RFC, in particular, restrictions regarding Plaintiff's bilateral carpal tunnel syndrome, and (2) the ALJ failed to properly account for Plaintiff's moderate limitations in concentration, persistence, and/or pace in determining Plaintiff's RFC.

In her Report, the Magistrate Judge evaluated both of Plaintiff's claims and found that (1) the ALJ adequately discussed the evidence in the record and addressed each function for which he found limitations; and (2) the ALJ adequately explained his consideration of Plaintiff's limitations, including moderate difficulties in concentration, persistence, or pace, in determining Plaintiff's RFC.

In her objections to the Magistrate Judge's Report, Plaintiff first asserts that the Magistrate Judge erred in finding that the ALJ properly issued a maximum RFC that accounted for all of Plaintiff's impairments. Specifically, Plaintiff asserts that the ALJ did not consider or account for the medically determinable impairment of carpal tunnel syndrome in determining Plaintiff's RFC. Plaintiff states: "the ALJ himself even stated that a medically determinable impairment of Carpal Tunnel syndrome existed, but that it was non-severe due to not meeting the duration requirement, not that it did not restrict Jones' ability to use her hands as necessary in performing work tasks." (ECF No. 23 at 2-3.) Plaintiff then points to evidence of record that she claims supports her assertion that she "has an impairment in her bilateral hands that would limit basic work activities such as handling, fingering, and feeling." (ECF No. 23 at 4.)

6

Contrary to Plaintiff's assertion that the ALJ did not state that Plaintiff's carpal tunnel syndrome did not restrict her ability to use her hands to perform work-related tasks, in his decision, the ALJ stated the following with respect to Plaintiff's carpal tunnel:

> Dr. Whalen did not diagnose carpal tunnel syndrome until August 11, 2017 based on positive Tinel's and Phalen's sign on left but without evidence from electrophysiologic studies (Exhibit 20F). There is no evidence that the impairment meets the duration requirement **or that the impairment significant[ly] limits work activities.**
>
> The impairments of . . . carpal tunnel syndrome . . . **do not significantly limit the claimant's ability to perform basic work activities**. The impairments are "not severe" because **medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on claimant's ability to work.**

(ECF No. 10-2 at 16 (emphasis added).) The ALJ thoroughly outlined the evidence of record on pages 10 through 18 of his decision, and after a review of the ALJ's decision, the Court agrees with the Magistrate Judge that the ALJ adequately discussed the evidence and sufficiently explained his findings with respect to Plaintiff's medically determinable impairments, including carpal tunnel syndrome. The Court therefore finds Plaintiff's objection without merit.

As a second objection, Plaintiff asserts that the Magistrate Judge erred by finding that the ALJ adequately accounted for Plaintiff's moderate limitations in concentration, persistence, or pace in assessing Plaintiff's RFC. Plaintiff states: "the ALJ in the instant matter found that the Plaintiff had moderate limitations in concentration, persistence, and pace, but then limited the Plaintiff to a maximum RFC that merely stated that she could work with no restriction in time off-task." (ECF No. 23 at 5.) Plaintiff asserts that this is an error in view of *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015).

In *Mascio*, the Fourth Circuit Court of Appeals held that an ALJ's hypothetical to a vocational expert ("VE"), which limited the plaintiff to performing simple, routine, unskilled tasks, did not account for the plaintiff's limitations in concentration, persistence, or pace. 780 F.3d 632. The court in *Mascio* noted that "the ability to perform simple tasks differs from the ability to stay on task," and that "only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* at 638.

Here, after considering Plaintiff's argument, the Magistrate Judge found this case distinguishable from *Mascio* based on the ALJ's lengthy discussion of Plaintiff's limitations and relevant medical evidence. The Magistrate Judge quoted the ALJ's explanation as follows:

> I find the claimant is able to respond appropriately to changes in the work setting as long as there are only occasional workplace changes in a low stress work environment, defined as being free of fast-paced or team-dependent production requirements. She can remember locations and work-like procedures. She is able to understand, remember and carry out unskilled, routine tasks in a low stress setting as defined above, but due to moderate limitation in concentrating, persisting, or maintaining pace, she cannot understand, remember and carry out complex instructions. She can attend to and perform simple tasks without special supervision for at least two-hour periods in a work environment free of fast-paced production requirements. She is able to understand normal work-hour requirements and to be prompt within reasonable limits. She is able to work in coordination with or proximity to others without being unduly distracted as long as she has no more than superficial interaction with the public and is allowed to can perform jobs where the work duties can be completed independently from coworkers; however, physical isolation is not required. The claimant retains the ability to make simple, work-related decisions. Her symptoms would not interfere with satisfactory completion of a normal workday or workweek or require an unreasonable number of rest or cooling off periods.
> She has the capacity to ask simple questions and request assistance from peers or supervisors and can respond appropriately to reasonable and customary supervision. Due to moderate limitation in interacting with others, she is limited to superficial interaction with the public and she can perform jobs where the work duties can be completed independently from coworkers; however, physical isolation is not required. She is able to follow basic

8

> instructions from supervisors and could change appropriately in response to customary and reasonable feedback from supervisors. She is able to sustain appropriate interaction with peers and coworkers without interference in work. She would not be off task during the workday other than during regular breaks. The claimant is able to sustain socially appropriate work behavior, standards and appearance. She would be able to respond appropriately to occasional changes in a routine work. She can be aware of personal safety and avoid work hazards. She retains the capacity to travel to and from work using available transportation. She has the capacity to set realistic goals.

(ECF No. 22 at 23-24 (quoting ECF No. 10-2 at 20) (emphasis added).) The Magistrate Judge outlined the evidence noted by the ALJ in assessing Plaintiff's mental limitations and found that, unlike *Mascio*, "it is not 'left to guess' about Plaintiff's ability to perform relevant work functions because the ALJ appropriately assessed Plaintiff's limitations and cited substantial evidence to support his conclusion." (ECF No. 22 at 24.)

After review, the Court agrees with the Magistrate Judge and overrules Plaintiff's objection. Here, in assessing Plaintiff's RFC, the ALJ found moderate limitations in concentration, persistence, or pace and explained that these restrictions limited Plaintiff's ability to understand and carry out complex instructions. The ALJ explained how long Plaintiff could focus her attention and the types of work activities on which Plaintiff could focus by explaining that Plaintiff could understand and carry out unskilled, routine tasks in a low stress environment and could perform simple tasks for at least two-hour periods in a work environment free of fast-paced requirements. The ALJ determined that Plaintiff could understand normal work-hour requirements and could complete a normal work day without an unreasonable number of rest or cooling off periods, and the ALJ explained that Plaintiff could work in coordination or in proximity to others without being unduly distracted as long as she had no more than superficial interaction with the public and could perform job duties that could be completed independently. In addition, the ALJ found that Plaintiff

9

could follow basic instructions and could appropriately interact with coworkers without interference in work.

With regard to the medical evidence, the ALJ explained that he gave some weight to an undated, unsigned form from Plaintiff's therapist, which indicated that Plaintiff had concentration problems that interfered with her ability to stay focused, but the ALJ explained that he did not give greater weight to this report because it appeared to be a listing of Plaintiff's subjective complaints rather than exam findings. (ECF No. 10-2 at 28.) Additionally, the ALJ explained that there was "no narrative to explain the nature and extent of the claimant's concentration problems, or why she reportedly had difficulty concentrating or staying focused." (*Id.*)

Ultimately, the Court finds that here, unlike *Mascio*, the ALJ adequately accounted for Plaintiff's moderate limitations in concentration, persistence, and pace by explaining how long and under what conditions Plaintiff could focus and maintain simple tasks, and by including restrictions related to Plaintiff's ability to change activities or work settings and work in proximity to others without distraction. In all, the Court finds that the ALJ's full explanation of Plaintiff's ability to perform relevant functions, as supported by relevant medical evidence, allows the Court to meaningfully review the ALJ's decision and determine that a remand is not necessary. *See Sizemore v. Berryhill*, 878 F.3d 72 (4th Cir. 2017); *see* also *Falls v. Colvin*, No. 8:14-CV-00195-RBH, 2015 WL 5797751, at *7 (D.S.C. Sept. 29, 2015) (finding that remand was not required because the "ALJ noted Plaintiff's mental limitations but found that the Plaintiff could 'concentrate, persist and work at pace to do simple, routine, repetitive work at 1-2 step instructions for extended periods, say 2-hour periods in an 8-hour day.'"); *Sisco v. Comm'r of Soc. Sec. Admin.*, No.

9:17-3076-TMC, 2019 WL 396605, at *3 (D.S.C. Jan. 31, 2019) (holding that the "ALJ properly and adequately accommodated Sisco's moderate limitation in concentration, persistence, and pace by finding that she has the ability to concentrate and persist in the performance of detailed instructions and tasks for at least two hours at a time, but not on higher level tasks."); and *Clancy v. Saul*, 2019 WL 4777007, *10 (D.S.C. Sept. 12, 2019) (distinguishing *Mascio* because the ALJ's hypothetical and his RFC limited the plaintiff to light work performed in two-hour increments and to simple, routine tasks in a low-stress work environment defined as being free of fast-paced or team-dependent production requirements, involving simple work-related decisions, occasional independent judgment skills, and occasional workplace changes).

## **CONCLUSION**

The Court finds that the Magistrate Judge properly summarized the facts and applied the correct principles of law. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 22) is adopted and specifically incorporated herein; Plaintiff's objections (ECF No. 23) are overruled; and the Commissioner's final decision is affirmed.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

March 20, 2020
Charleston, South Carolina